**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quant Frank Cout Scott SL, et al.,<br><br>                Plaintiffs,<br>vs.<br><br>Unknown Party,<br><br>                Defendant. | No. CV-24-00477-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (Doc. 44), Plaintiffs' Response (Doc. 45), and Defendant's Reply (Doc. 46). For the following reasons, the Motion to Dismiss will be denied.[1]

**I.    BACKGROUND**

This case arises out of the alleged infringement of Plaintiffs' copyrighted software, the "QuantV software," by a Defendant using the website domain name "launcherleaks.com." (Doc. 40 at 5). QuantV is a software used with certain popular video games and is registered with the United States Copyright Office. (Doc. 3 at 6–7). Plaintiffs require a paid subscription for users to obtain access to the software, but the Defendant behind the LauncherLeaks website, later identified as Anthony Wicklace ("Wicklace") (Doc. 28), has allegedly been distributing unauthorized copies of QuantV for free. (*Id.* at

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

7–9).

On March 6, 2024, Plaintiffs filed an *Ex Parte* Emergency Motion for Temporary Restraining Order ("TRO") and request for Preliminary Injunction ("PI") (Doc. 2) seeking to enjoin LauncherLeaks from further infringement. The TRO was granted on March 7, 2024 (Doc. 14) and subsequently converted into a PI (Doc. 22 at 1). Following entry of the PI Order, Plaintiffs moved for expedited discovery to identify the unknown party (or parties) operating the LauncherLeaks website, and in September 2024, Plaintiffs amended their complaint to name Anthony Wicklace as Defendant. (Doc. 40 at 7; Doc. 28). On October 9, they applied for entry of default against Wicklace for his nonappearance. (Doc. 34). On November 13, 2024, Plaintiffs moved *ex parte* for a modification of the preliminary injunction to prevent further infringement when they became aware that their software was once again available to download on launcherleaks.net, and they also sought the imposition of an asset restraint on Wicklace. (Doc. 40 at 8). This Court clarified the language of the preliminary injunction and granted Plaintiffs' request for an asset restraint on Wicklace's CashApp and Stripe payment accounts. (Doc. 41 at 8–9). On December 2, 2024, a Notice of Appearance was filed on behalf of Defendant (Doc. 42), and on December 15, he moved to dismiss based on a lack of personal jurisdiction and requested termination of the preliminary injunction (Doc. 44-1). The Motion to Dismiss (Doc. 44) is now fully briefed and ripe for this Court's ruling.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 12(b)(2) authorizes dismissal for lack of personal jurisdiction. When a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the motion is based on written materials rather than an evidentiary hearing, as here, the Court must determine "whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). A plaintiff "cannot 'simply rest on the bare allegations of its

complaint,'" but "uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (citation omitted).

When no federal statute is applicable to govern personal jurisdiction, as is the case here, "the district court applies the law of the state in which the district court sits." *Id.* "Arizona's long-arm jurisdictional statute is co-extensive with federal due process requirements; therefore, the analysis of personal jurisdiction under Arizona law and federal due process is the same." *Biliack v. Paul Revere Life Ins. Co.*, 265 F. Supp. 3d 1003, 1007 (D. Ariz. 2017). For a court to exercise personal jurisdiction, federal due process requires that a defendant have "certain minimum contacts" with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

Personal jurisdiction can be general or specific. *Biliack*, 265 F. Supp. 3d at 1007. The Ninth Circuit applies a three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of establishing the first two prongs. *Id.* If the first two prongs are satisfied, the burden shifts to the defendant "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

### III. DISCUSSION

At the outset, this Court notes that Defendant's Motion to Dismiss is untimely under Rule 12 of the Federal Rules of Civil Procedure, as Plaintiffs' initial Complaint was filed on March 6, 2024, its Amended Complaint was filed on September 18, 2024, and

Defendant's Motion was not filed until December 15, 2024, more than nine months after this case was initiated. (Docs. 1, 28, 44). However, given that default has not yet been entered against Defendant,[2] that Plaintiffs do not specifically contest the Motion to Dismiss as untimely, and that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), this Court will address the Motion on its merits despite the significant delay in its filing.[3]

In his Motion to Dismiss, Defendant argues that (1) there are no grounds for this Court to assert personal jurisdiction over Defendant (Doc. 44-1 at 2); (2) because this Court lacks personal jurisdiction over defendant, the preliminary injunction issued against Defendant is invalid and should be terminated (*Id.* at 9); (3) the $20,000 bond posted by Plaintiffs should be tendered to Defendant for damages suffered by being wrongfully enjoined (*Id.*); and (4) Defendant is entitled to attorney fees "as sanctions for a rule 11 violation based on the above facts" (*Id.* at 10).[4]

Here, it is undisputed that the Court lacks general jurisdiction over Defendant. (Doc. 44-1 at 4–5; Doc. 45 at 5). However, Plaintiffs assert that this Court may appropriately exercise specific personal jurisdiction over Defendant because "(A) Defendant has purposefully directed his activities at or consummated transaction(s) within this District or with residents of it; (B) Plaintiffs' claims arise out of Defendant's forum-related activities and (C) the exercise of jurisdiction here would comport with notions of fair play and substantial justice," which satisfies the Ninth Circuit's requirements for the Court to

---

[2] Because Defendant has now appeared in the case, this Court will deny the Plaintiffs' previous Application for Entry of Default (Doc. 34).

[3] Defendant also asserts, in a conclusory manner, that he "was wrongfully prevented from contesting Plaintiff's *ex parte* filings due to failure to provide proper notice." (Doc. 44 at 2). However, he makes no formal Rule 12(b)(5) argument regarding insufficient service of process.

[4] The Court also notes that Defendant submitted a proposed order asking for remand of this case to "the Arizona Superior Court where it was filed." (Doc. 44-3 at 1). Given that Defendant's argument is that there is no personal jurisdiction over Defendant in Arizona, and that this case was filed in federal court in the first instance, this Court assumes this proposed order was submitted in error.

exercise specific personal jurisdiction. (Doc. 45 at 5–6). By contrast, Defendant argues that the exercise of specific personal jurisdiction would be inappropriate because Defendant has not purposefully directed activities at Arizona, the alleged harm in this case is not specific to Arizona or its citizens, and it would be a financial hardship to Defendant to be forced to appear in Arizona. (Doc. 44-1 at 6–9).

The Court need not address much of Defendant's Motion, as Defendant signed a forum selection clause when it registered with Namecheap, and "the existence of a forum selection clause in this case renders personal jurisdiction and venue proper in this Court." *Productive People, LLC v. Ives Design*, 2009 WL 1749751, at *1 (D. Ariz. June 18, 2009); *see also LimoStars, Inc. v. N.J. Car & Limo, Inc.*, 2011 U.S. Dist. LEXIS 87771, at *12 (D. Ariz. Aug. 8, 2011). It is undisputed that when creating the LauncherLeaks website, Defendant had to agree to Namecheap's Registration Agreement, which provides that for the adjudication of third-party disputes "*concerning or arising from use of* domain names registered hereunder, you shall submit without objection . . . to the subject matter *and personal jurisdiction* of the courts . . . where we are located, currently those State or federal courts whose geographic districts include Maricopa County, State of Arizona." (Doc. 3 at 19; Doc. 45 at 7) (emphasis added). Here, the dispute arises from Defendant's use of the LauncherLeaks domain, given that the website was used to facilitate the infringing activity. *Cf. Whaleco Incorporated v. employerdictionary.com*, 2023 WL 8436572, at *2 (D. Ariz. Dec. 5, 2023) (finding exercise of specific personal jurisdiction inappropriate based on a forum selection clause that did *not* include contractual language stating that the clause would apply to any litigation involving "use of" the domain name). Accordingly, this Court agrees with Plaintiffs that "[h]aving agreed to submit to this Court's jurisdiction, Defendant has no basis for arguing now that something Defendant agreed to is unreasonable or unfair." (Doc. 45 at 7); *see also Pace v. Daniel*, 2021 U.S. Dist. LEXIS 31511, at *6 (W.D. Wash. Feb. 19, 2021) (noting that "[f]orum selection clauses in contracts are presumptively valid," and that a party challenging a forum selection clause bears a heavy burden to show that enforcement would be unreasonable or unjust).

Defendant's argument that Plaintiffs cannot be considered third-party beneficiaries to the Registration Agreement is inapposite, as is their argument that Plaintiffs have presented no evidence that Defendant ever agreed to this term in the Registration Agreement. At this juncture, Plaintiffs have met their burden to present a prima facie case that this Court may exercise personal jurisdiction over Defendant. *See Schwarzenegger*, 374 F.3d at 800. Because this Court will not grant Defendant's Motion to Dismiss, it also declines to terminate the preliminary injunction or to order that the $20,000 TRO bond be tendered to Defendant. There has been no showing that this Court's exercise of personal jurisdiction over Defendant was wrongful or that Defendant was wrongfully enjoined.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 44) is **denied**.

**IT IS FURTHER ORDERED** that, given Defendant's appearance in this matter, Plaintiffs' Application for Entry of Default (Doc. 34) is **denied**.

Dated this 5th day of March, 2025.

Honorable Steven P. Logan
United States District Judge